UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                      Case No. 23-42948

SOUTHFIELD VENTURES, LLC,                                   Chapter 11

                Debtor.                                     Judge Thomas J. Tucker
_____/

### OPINION AND ORDER DENYING MOTION TO CONVERT THIS CASE

This Chapter 11 case is a single asset real estate case.  Very shortly before filing this

bankruptcy case on March 30, 2023, the Debtor purchased what is now its only asset, a vacant

former nine-story hotel located at 28100 Franklin Road in Southfield, Michigan.  The Debtor

filed this case while a tax foreclosure proceeding by the Oakland County Treasurer was pending.

This case is before the Court on the motion filed by the City of Southfield, Michigan (the

"City"), entitled "Motion of City of Southfield, Michigan to Convert Case to Chapter 7" (Docket

# 30, the "Motion").  The City seeks the conversion of this case to Chapter 7 for "cause" under

11 U.S.C. § 1112(b)(1).  The City argues that there is cause to convert because the Debtor filed

this Chapter 11 case in bad faith.  The Oakland County Treasurer concurs in the Motion.

The Debtor objects to the Motion, and a creditor, Private Equity Fund, LLC (the former

owner of the hotel property), concurs in and joins the Debtor's objection to the Motion.  The

United States Trustee did not file any response to the Motion.  During the hearing on the Motion,

the United States Trustee stated that he does not oppose the Motion, and does not oppose either

the dismissal of this case or the conversion of this case to Chapter 7.

The Court held a telephonic hearing on the Motion on June 14, 2023.  At the conclusion

of the hearing, the Court took the Motion under advisement.

The Court has considered all of the written and oral arguments of the parties, and all of the papers filed by the parties concerning the Motion, as well as other relevant parts of the record in this case. The Court finds and concludes that the City has not met its burden of demonstrating that the Debtor filed this case in bad faith, and therefore the City has not met its burden of showing that there is cause to convert this case.

In a recent opinion in another case, this Court discussed the standards and authorities that are relevant to the Motion, and the Court also discussed its subject matter jurisdiction to decide this type of motion. *See In re Shefa, LLC*, 649 B.R. 510, 512, 515-16 (Bankr. E.D. Mich. 2023). The Court incorporates that discussion by reference here, and will apply it to the Motion in this case.

In determining whether the Debtor filed this case in bad faith, the Court must consider the "'totality of the circumstances.'" *See id.* at 515 (citation omitted). In doing so, the Court must consider, among other things, the eight factors set forth in the Sixth Circuit Court of Appeals case of *Trident Assocs. Ltd. P'ship v. Metropolitan Life Ins. Co.* (*In re Trident Assocs. Ltd. P'ship*), 52 F.3d 127, 131 (6th Cir. 1995).[1] The Court finds that four of these eight factors are

---

[1] The *Trident* factors are listed in *Shefa*, 649 B.R. at 515-16:

> Because the "totality of the circumstances" must be considered, no single test for good faith can be recited, but this court has laid out some guidelines:
>
> > [G]ood faith is an amorphous notion, largely defined by factual inquiry. While no single fact is dispositive, courts have found the following factors meaningful in evaluating an organization debtor's good faith:
> >
> > (1) the debtor has one asset;
> >
> > (2) the pre-petition conduct of the debtor has been

2

present in this case, and four are not.  The *Trident* factors present in this case are factor nos. 1, 3, 4, and 7.  The *Trident* factors not present are factor nos. 2, 5, 6, and 8.

On balance, the Court finds that the *Trident* factors weigh distinctly *against* finding that the Debtor filed this case in bad faith.  The Court finds it particularly significant that *Trident* factor nos. 2 and 8 are not present in this case.

As for *Trident* factor no. 2, there has been no allegation of any improper pre-petition conduct by the Debtor, which acquired its one asset (the vacant former hotel) very shortly before filing this case, or by the Debtor's sole owner, Ernest Charles Barreca.  And while the City points to the former owner's failure to pay real estate taxes for several years and the former owner's alleged failure to maintain and secure the property, this only means that the City has shown possible neglect by the former owner.  But the City has not shown any "improper conduct" by the

---

improper;

(3) there are only a few unsecured creditors;

(4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;

(5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;

(6) the filing of the petition effectively allows the debtor to evade court orders;

(7) the debtor has no ongoing business or employees; and

(8) the lack of possibility of reorganization.

*Id*. at 738 (citations and internal quotations omitted).

*Trident Assocs.*, 52 F.3d at 131.

3

former owner. And the Debtor has shown that post-petition, the Debtor has taken significant steps to secure the property,[2] and has offered to make adequate protection payments for post-petition taxes to the City and Oakland County, in the amount of $15,000.00 per month.[3] A check for the first of these $15,000.00 payments was delivered to the office of the City's counsel on the morning of June 14, 2023. (The Debtor currently has no cash, but these payments are to be funded by the Debtor's owner making "capital contributions" according to the Debtor.)

Of further relevance to *Trident* factor no. 2, the Court notes that the City has not argued that the Debtor's real estate which is the focus of this case has ever before been involved in any bankruptcy or receivership.

---

[2] In his Declaration dated June 5, 2023, Mr. Barreca states, among other things:

> I have undertaken efforts to ensure that the Proper ty does not pose any danger to the health, safety, and welfare of the public included, but not limited to:
>
> a.) securing the property to prevent trespass;
>
> b.) installing approximately 1,200 linear feet of 8' chain link fence topped with a 3' barbed wire section. There is one access gate which is padlocked with a combination provided to the City of Southfield for access by the fire, police or any other department who may need access to the property.
>
> c.) engaging a third-party security company to monitor the property and deter vandalization from 6 p.m. to 6 a.m. We are finalizing this contract and the service will be in place by June 9th, 2023.
>
> d.) re-boarding up of the property.
>
> e.) . . . Debtor has contracted to have the exterior grounds of the Property cleaned and maintained. . . .

Decl. of Ernest Charles Barreca (Docket # 37) at pdf p. 19 ¶ 14.

[3] *See id.* at pdf p. 19 ¶ 15.

4

As for *Trident* factor no. 6, the City points to no court orders that have been "evaded" by the filing of this bankruptcy.

As for *Trident* factor no. 8, the City has not shown that there is any "lack of possibility of reorganization" in this case. The Debtor intends to seek financing and "pursue the full development of the property into contemplated affordable, senior or other market rate housing."[4] The Debtor has not yet filed a plan. The deadline to do so is July 28, 2023.[5] But during the hearing the Debtor's attorney stated that the Debtor intends to file a plan by day 90 of this case (June 28, 2023), consistent with 11 U.S.C. § 362(d)(3), the stay-relief provisions relating to single asset real estate. That is only 12 days from now.

It remains to be seen whether the Debtor will be able to meet all the requirements to obtain confirmation of a plan of reorganization. But on the present record, and at this time, the City has not demonstrated that the Debtor will be unable to confirm a plan of reorganization in this case.[6]

Other than the *Trident* factors, discussed above, the Court does not find anything else in the "totality of circumstances" that is relevant to the question of whether the Debtor filed this bankruptcy case in bad faith.

---

[4] *See* Decl. of Ernest Charles Barreca (Docket # 37) at pdf p. 20 ¶ 19.

[5] *See* Order Establishing Deadlines and Procedures (Docket # 24) at ¶ 1.c.

[6] The City has pointed to several previous real estate developments in which the Debtor's owner and/or the Debtor's former owner have been involved, and which failed, according to the City. The Debtor disputes at least some of the City's allegations about this. But in any event, the City's allegations about those other cases/properties does not persuade the Court that the Debtor in this case will be unable to successfully reorganize.

5

For these reasons, the Court cannot find that there is "cause" to convert (or dismiss) this case under § 1112(b)(1).  The City's Motion must be denied.

IT IS ORDERED that the Motion (Docket # 30) is denied.

**Signed on June 16, 2023**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**