UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Case No. 23-42948

SOUTHFIELD VENTURES, LLC,	Chapter 11

        Debtor.	Judge Thomas J. Tucker
_____/

**ORDER REQUIRING DEBTOR TO AMEND DISCLOSURE STATEMENT**

On June 28, 2023, the Debtor filed a plan and disclosure statement, in a document entitled "Debtors' [sic] Combined Disclosure Statement and Plan of Reorganization" (Docket # 48). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document ("Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

    1. In the title of the combined plan and disclosure statement, and in numerous places in this document (*e.g.*, in the Plan at paragraphs 1.28, 2.2, 2.3, 4.1, 4.3, 6.1, 6.2, Article VII.A, VII.B, VII.F, VII.G, and paragraphs 8.1, 9.1, 10.1, 13.2, and 13.4), the Debtor refers to "Debtors" as if there is more than one Debtor in this case. There is not. And in a few places in this document, the Debtor refers to "Petitions" and "[c]ases" as if there is more than one bankruptcy case (*e.g.*, paragraphs 1.28, 9.1). There is not. The Debtor must correct these problems everywhere they appear.

    2. The Debtor must delete paragraph 2.3 of the Plan on page 8. If in fact there are any "Other Priority Claims" of the type described in Group III on page 8, those claims must be classified under Article III. 11 U.S.C. § 1123(a)(1) requires classification of all claims except those of a kind specified in 11 U.S.C. §§ 507(a)(2), 507(a)(3), or 507(a)(8).

3. With regard to each class of secured claims described in Article III of the Plan, the Debtor must state that such class is impaired and entitled to vote on the Plan.

4. At the end of paragraph 6.1 of the Plan on pages 13-14, the Debtor must add the following sentence: "Any post-confirmation modification of the Plan will be subject to the limitations of 11 U.S.C. § 1127(b)."

5. In paragraph 10.1 of the Plan on page 16, the Debtor must list all executory contracts and unexpired leases that the Debtor is a party to.

6. In paragraph 11.1 of the Plan on page 17, the Debtor must delete the sentence: "No time for such objections is being created by the Plan." Then, the Debtor must state a specific deadline for filing objections to claims (*e.g.*, 60 days after the Confirmation Date).

7. In paragraph 13.1 of the Plan on page 17, the Debtor uses the phrase "neither relevant Debtor," making it appear that there is more than one Debtor. The Debtor must correct this.

8. In paragraph II.C on page 20 of the Disclosure Statement, the Debtor must state what the material terms of the "Lease" are between the Debtor and the lessee, HC Southfield, and state what HC Southfield's defaults are under the "Lease." The Debtor also must state what the defaults of Orix are, if any, under the "Lease." The Debtor uses the word "Lease" as if it is a defined term in this paragraph, but does not include a definition for "Lease" in Article I. The Debtor must correct this.

9. In paragraph II.C on page 20 of the Disclosure Statement, the Debtor states, in relevant part, "Debtor filed its bankruptcy to maximize the value of the Property which would otherwise have been lost to a tax foreclosure by Oakland County." This is not adequate information regarding what caused the Debtor to file this Chapter 11 case. The Debtor must provide more

information regarding the causes for the Chapter 11 filing, including, but not limited to, specific information about any tax foreclosure proceedings by Oakland County.

10. In paragraph III.C of the Disclosure Statement on page 21, the Debtor must provide details regarding the contemplated tax appeals, *i.e.*, what taxes the Debtor plans to appeal, and on what basis the Debtor believes the appeals can be successful.

11. In paragraph IV.E of the Disclosure Statement on page 22, the Debtor must delete the word "approximately."

12. In paragraph IV.D of the Disclosure Statement on page 22, the Debtor must include the amount of any administrative expenses it has ($30,000.00 according to Liquidation Analysis).

13. In paragraph VII.C.1 of the Disclosure Statement on page 26, the Debtor must change "VI.B" to "VII.B."

14. The Debtor must amend paragraph VII.E.2 of the Disclosure Statement on pages 26-27, so that it states in its entirety:

> 2. *Except as provided in the plan and in 11 U.S.C. § 1141(d):*
>
> *(a) In the case of a corporation that is reorganizing and continuing business, as in this case:*
>
> *(1) All claims and interests will be discharged.*
>
> *(2) Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.*

Accordingly,

IT IS ORDERED that no later than **July 14, 2023**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **July 14, 2023**, the Debtor also must file a

3

redlined version of the amended combined plan and disclosure statement, showing the changes the Debtors have made to the "Debtors' [sic] Combined Disclosure Statement and Plan of Reorganization," filed June 28, 2023.

**Signed on June 30, 2023**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**